UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
RICHARD RICHARDSON,

                    Plaintiff,

       - against -

SERGEANT DIANCIRA QUICK, #27
Security Peace Officer; and C. HIRAM, #14,
Security Peace Officer-Sergeant,

                    Defendants.
------------------------------------------------------x

**NOT FOR PUBLICATION**

**ORDER**
19-CV-1208 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On February 25, 2019, Plaintiff Richard Richardson ("Plaintiff"), appearing *pro se*, filed this action against Sergeant Diancira Quick and C. Hiram (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the complaint.

## BACKGROUND

Plaintiff[1] alleges that at approximately 7:28 p.m. on February 13, 2019, Defendants issued him a trespass notice for disorderly conduct and evicted him from the Aqueduct Racetrack after

---

[1] Plaintiff is no stranger to this Court. He has filed the following cases in the Eastern District of New York: (1) *Richardson v. Simmons*, No. 17-CV-2479 (PKC) (dismissal) (closed Apr. 11, 2018); No. 18-1882 (2d Cir.) (appeal dismissed) (Nov. 21, 2018); (2) *Richardson v. Police Officer John Doe*, No. 16-CV-2407 (PKC) (dismissal for failure to state a claim) (closed June 15, 2016); No. 16-2222 (2d Cir.) (appeal dismissed) (Dec. 13, 2016); (3) *Richardson v. City of New York*, No. 04-CV-4153 (ARR) (stipulation and settlement) (closed Apr. 1, 2005); (4) *Richardson v. N.Y.C. Kings Cty. Hosp.*, No. 05-CV-3415 (ARR) (stipulation and settlement) (closed Mar. 9, 2017); (5) *Richardson v. YMCA*, No. 07-CV-2472 (ARR) (stipulation and settlement) (closed Dec. 7, 2007); (6) *Richardson v. N.Y.C.*, No. 07-CV-2672 (ARR) (transferred to the Southern District of New York) (closed July 31, 2007); (7) *Richardson v. N.Y.C.*, No. 09-CV-4647 (ARR) (stipulation and settlement) (closed Nov. 13, 2012); (8) *Richardson v. MTA*, No. 12-CV-5424 (ARR) (dismissal for lack of subject matter jurisdiction) (closed Nov. 8, 2012); (9) *Richardson v. N.Y.C. Police Dep't*, No. 12-CV-5753 (ARR) (dismissal after bench trial) (closed June 12, 2014); (10) *Richardson v. Amtrak Police*, No. 14-CV-1919 (ARR) (transferred to the Southern District of

1

other patrons and he had an altercation in the longshot betting area. (Compl., at 5, 8–10.)[2] He further alleges that Defendant Quick referred to him as a "bum" when she handed him the trespass notice and that Defendant Hiram said "you could leave bum" before escorting Plaintiff to the racetrack's exit. (*Id.* at 5, 10). Plaintiff seeks one million dollars in damages on the theory that, by ejecting him from the Aqueduct Racetrack, Defendants violated his constitutional rights. (*Id.* at 6.).

## DISCUSSION

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings his claims under 42 U.S.C. § 1983, which provides in pertinent part:

---

New York) (closed Apr. 4, 2014); (11) *Richardson v. Wilson*, No. 15-CV-5607 (ARR) (dismissal for lack of subject matter jurisdiction) (closed Oct. 14, 2015).

[2] All page references correspond to the pagination generated by the court's CM/ECF docketing system and not the document's internal pagination.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to maintain a § 1983 action, a plaintiff must show that "[t]he conduct at issue [was] committed by a person acting under color of state law[3] and [] deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quotations omitted). Plaintiff's complaint does not adequately state a claim under § 1983.

Here, Plaintiff alleges that Defendants, both New York Racing Association security officers, ejected him from the Aqueduct Racetrack because of his race, age, and homeless status. (Compl., at 4, 8, 10.) The complaint, however, is devoid of any allegation that Defendants referred to Plaintiff in any manner that implicated his race, age, or homeless status. While Defendants' alleged reference to Plaintiff as a "bum" was offensive, this conduct fails to rise to a level sufficient to state a claim under § 1983. *See Graham v. Mahmood*, No. 05-CV-10071, 2008 WL 1849167, at *9 (S.D.N.Y. Apr. 22, 2008) (noting that "[s]ection 1983 has not established a 'civility code'"). Any allegation that Defendants' actions were motivated by unconstitutional bias is therefore a mere "legal conclusion" that the Court will not accept as true at the pleading stage. *Iqbal*, 556

---

[3] Plaintiff has met his burden on this prong, as Defendants appear to have been acting within their statutory authority to preserve order at racetracks operated by the New York Racing Association when they ejected Plaintiff. *See* N.Y. Rac. Pari-Mut. Wag. & Breed Law § 223.

U.S. at 678. Therefore, Plaintiff's complaint against Defendants is dismissed for failure to state a claim.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Any potential state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and terminate this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 20, 2019
      Brooklyn, New York